# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jason A. Cincilla
302 351 9494
302 498 6230 Fax
jcincilla@mnat.com

May 7, 2007

**BY ELECTRONIC FILING and HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
Chief Judge
United States District Court
Lock Box 27
844 King Street
Wilmington, DE  19801

       Re:    <u>Claycomb v. Playtex Products, Inc., C.A. No. 06-120 (JJF)</u>

Dear Judge Farnan:

       Enclosed please find two chambers copies of Defendant Playtex Products, Inc.'s Proposed Pretrial Order.  As indicated by and in the enclosed letter to Plaintiff dated April 26, 2007, Playtex attempted to compile and submit a proposed joint pretrial order.  Unfortunately, Plaintiff failed to provide her portions, making a joint submission impossible.

                                Respectfully submitted,

                                  Jason A. Cincilla (#4232)

Enclosures

  cc:    Clerk of the Court (via e-filing)
           Lorna Claycomb (via first-class mail, w/enclosures)

739217.1

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jason A. Cincilla
302 351 9494
302 498 6230 Fax
jcincilla@mnat.com

April 26, 2007

**BY FIRST-CLASS MAIL**

Lorna Claycomb
1061 South Little Creek Road
Lot 15, Dover East
Dover, Delaware 19901

    Re:    <u>Claycomb v. Playtex Products, Inc. - C.A. No. 06-120 (JJF)</u>

Dear Ms. Claycomb:

    On June 5, 2006, the Court entered an order setting a pretrial conference in the above-referenced lawsuit for Thursday, May 10, 2007 at 1:00 p.m. A copy of that order, and the Federal Rules of Civil Procedure and Local District Court Civil Rules referenced within the order, are enclosed. Pursuant to Local District Court Civil Rule 16.4(d), we are required to file a pretrial order on or before May 7, 2007. Normally the plaintiff is required to compile and file the pretrial order, but since you are not represented by counsel, I will be happy to take on that burden. The required contents of the pretrial order are outlined in Local District Court Civil Rule 16.4(d). Please send me any information you would like included in the pretrial order by close of business Thursday, May 3, 2007.

                                          Sincerely,

                                          Jason A. Cincilla

JAC/rkr
Enclosures
812369v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LORNA CLAYCOMB,                       :
                                      :
        Plaintiff,                    :
                                      :
    v.                                : Civil Action No. 06-120-JJF
                                      :
PLAYTEX PRODUCTS, INC.,               :
                                      :
        Defendant.                    :

O R D E R

WHEREAS, pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2 (a) and (b) the Court entered a Rule 16 Scheduling Order on June 1, 2006, in the above-captioned matter;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) A Pretrial Conference will be held on **Thursday, May 10, 2007 at 1:00 p.m.**, in Courtroom No. 4B on the 4th Floor, Boggs Federal Building, Wilmington, Delaware. The Federal Rules of Civil Procedure and Rule 16.5 of the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995) shall govern the pretrial conference;

2) Trial will be scheduled at the Pretrial Conference to commence within 120 days of the pretrial conference. Counsel should be available during the 120 day period for trial.

June 5, 2006
DATE

_____
UNITED STATES DISTRICT JUDGE

**RULE 16.2. Initial Conference; Rule 16 Conference.**

 (a) **Initial Conference.** Within 45 days after service of process upon all defendants, the Court shall notify counsel of the time for holding an initial conference, which may be by telephone, at which time the Court and counsel will discuss: (i) the nature of the case; (ii) any special difficulties that counsel foresee in prosecution or defense of the case; (iii) a proposed date for the conference contemplated by Fed. R. Civ. P. 16(b); and (iv) any requests for modification of the time for the mandatory disclosure required by Fed. R. Civ. P. 16(b) and 26(f).

 (b) **Rule 16 Scheduling Conference.** At the initial conference contemplated by subparagraph (a) hereof, the Court will schedule the pretrial conference required by Fed. R. Civ. P. 16(b). Matters to be considered at the Rule 16(b) conference will include, in addition to the items specified in Fed. R. Civ. P. 16(b) and 16(c), the following matters:

  (1) whether the case is complex;

  (2) for complex cases, the special issues set forth in D. Del. L.R. 16.1 (b)(3);

  (3) the possibility of settlement;

  (4) whether the matter could be resolved by voluntary mediation or binding arbitration;

  (5) the briefing practices to be employed in the case, including what matters are or are not to be briefed and the length of briefs; and

  (6) the schedule applicable to the case, including a trial date, if appropriate.

 (c) **Trial Date.** Trial shall be scheduled to occur within 12 months, if practicable, and no later than 18 months, after the filing of the complaint, except if the Court certifies that, because of the complexity or demands of the case, the number or complexity of pending criminal cases, or otherwise, (i) such a trial date is incompatible with serving the ends of justice, or (ii) the trial cannot reasonably be held within that time.

 (d) **Certification and Settlement Discussion.** Prior to the Rule 16 Scheduling Conference, counsel shall confer to discuss settlement and at the time of the conference shall certify to the Court that they have done so.

 (e) **Attendance at Conference.** Unless otherwise directed by the Court, the conference described in subparagraph (b) of this Rule will be an in-person conference. If out-of-town counsel are expected to have a significant role in the prosecution or defense of the case, it is expected that out-of-town counsel will attend the conference provided for by subparagraph (b) of this Rule.

*Source: Implementation of 1(d) of the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the District of Delaware, effective December 23, 1991; implementation of Fed. R. Civ. P. 26 as amended in 1993.*

**RULE 16.3.  Exemptions from Fed. R. Civ. P. 16(b) and 26(f).**

The following categories of action are exempt from the scheduling conference and order requirement of Fed. R. Civ. P. 16(b), 26(f) and the initial conference requirement of Local Rule 16.2(a).

(a) all actions in which one of the parties appears pro se and is incarcerated;

(b) all actions for judicial review of administrative decisions of government agencies or instrumentalities where the review is conducted on the basis of the administrative record;

(c) prize proceedings, actions for forfeitures and seizures, for condemnation, or for foreclosure of mortgages or sales to satisfy liens of the United States;

(d) bankruptcy appeals; provided, however, cases in which references are withdrawn by order of the District Court remain subject to the Rules;

(e) for admission to citizenship or to cancel or revoke citizenship;

(f) proceedings for habeas corpus or in the nature thereof, whether addressed to federal or state custody;

(g) proceedings to compel arbitration or to confirm or set aside arbitration awards;

(h) proceedings to compel the giving of testimony or production of documents under a subpoena or summons issued by an officer, agency or instrumentality of the United States not provided with authority to compel compliance;

(i) proceedings to compel the giving of testimony or production of documents in this District in connection with discovery, or testimony de bene esse, or for perpetuation of testimony for use in a matter pending or contemplated in a U.S. District Court of another District;

(j) proceedings for the temporary enforcement of orders of the National Labor Relations Board;

(k) civil actions for recovery of erroneously paid educational assistance.

(l) proceedings for execution on a judgment pursuant to Fed. R. Civ. P. 64 or 69 or 28 U.S.C. Chapter 127.

*Source: Former Delaware Local Rule 2.3 with revisions.*

**RULE 16.4.  Pretrial Conference and Procedure.**

(a) **Pretrial Conference.** Unless otherwise ordered all civil cases shall be set for a pretrial conference. Any party may apply for a pretrial conference to be held following the completion of discovery as provided in the pretrial order issued pursuant to Fed. R. Civ. P. 16(b), and D. Del. LR 72.1. Reasonable notice of the time and place of such pretrial conference shall be given by the Clerk of the Court by mail to counsel of record.

(b) **Failure to Appear in Pretrial Conference or to Cooperate.** Unless otherwise ordered, counsel who will conduct the trial are required to appear before the Court for the pretrial conference. Should an attorney for a party fail to appear therefor or to cooperate in the preparation of the pretrial order specified in paragraph (d) hereafter, the Court, in its discretion, may in addition to the imposition of sanctions as provided in D. Del. LR 1.3 of these Rules, hold a pretrial hearing, ex parte or otherwise, and, after notice, enter an appropriate judgment or order.

(c) **Attorney Conference Prior to Pretrial Conference.** Attorneys for all of the parties, before the pretrial conference, shall become thoroughly familiar with the case and shall confer with the other attorneys as long and as frequently as may be required to enable plaintiff's attorney to comply with paragraph (d) of this Rule and to permit each party to premark all exhibits. Unless otherwise ordered by the Court, at such conferences each attorney shall produce all documents, papers, books, accounts, letters, medical and doctors' reports, photostats, objects or other things proposed to be introduced in evidence, and, if requested, shall furnish copies to opposing counsel of documents, papers, etc., designated by opposing counsel, at the expense of the party represented by the opposing counsel. At the same time, each attorney shall consider and discuss all matters which may expedite the pretrial conference and the trial of the case. Nothing contained in this Rule shall preclude the Court in its discretion from requiring any party to produce for the inspection of another such additional documents, papers, books, accounts, letters, medical and doctors' reports, photostats, objects and other matters as the Court deems appropriate.

(d) **Pretrial Order.** At least 3 business days prior to the pretrial conference, the attorney for the plaintiff shall file with the Clerk an original and one copy of a proposed pretrial order, signed by an attorney for each party, which will cover such of the following items as are appropriate:

(1) A statement of the nature of the action, the pleadings in which the issues are raised (for instance, third amended complaint and answer) and whether counterclaims, cross-claims, etc., are involved.

(2) The constitutional or statutory basis of federal jurisdiction, together with a brief statement of the facts supporting such jurisdiction.

(3) A statement of the facts which are admitted and require no proof.

(4) A statement of the issues of fact which any party contends remain to be litigated. This should be as detailed as circumstances permit; as, for instance, in a negligence case whether the brakes on plaintiff's vehicle were defective in that they had to be pumped several times to take hold at the time of the accident; whether plaintiff drove through a stop light; etc.

(5) A statement of the issues of law which any party contends remain to be litigated, and a citation of authorities relied upon by each party.

(6) A list of pre-marked exhibits, including designations of interrogatories and answers thereto, requests for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit.

(7) The names and addresses of all witnesses a party intends to call to testify either in person, or by deposition, at the trial and the specialties of experts to be called as witnesses.

(8) A brief statement of what plaintiff intends to provide in support of plaintiffs' claims including the details of the damages claimed, or of other relief sought, as of the date of preparation of the draft order.

(9) A brief statement of what the defendant intends to prove as a defense.

(10) Statements by counter claimants or cross-claimants comparable to that required of plaintiff.

(11) Any amendments of the pleadings desired by any party with a statement whether it is unopposed or objected to, and if objected to, the grounds therefor.

(12) A certification that two way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement.

(13) Any other matters which the parties deem appropriate.

(14) The concluding paragraph of the draft of the pretrial order shall read:

This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

Where the case is to be tried to a jury, counsel should look to D.Del.L. Rules 47 and 51 for guidance on filing proposed voir dire, jury instructions, special verdict forms, and interrogatories.

*Source: Former Delaware Local Rule 5.4 with revisions.*

**RULE 16.5.   Requests for Extensions of Deadlines.**

A request for an extension of deadlines for completion of discovery or postponement of the trial shall be made by motion or stipulation prior to expiration of the date deadline, and shall include the following: (1) the reasons for the request; and (2) either a supporting affidavit by the requesting counsel's client or a certification that counsel has sent a copy of the request to the client.

*Source: Implementation of 1(e) of the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the District of Delaware, effective December 23, 1991, as amended, and Former Delaware Local Rule 16.5 with revisions.*

**RULE 23.1.   Designation of "Class Action" in the Caption.**

In any case sought to be maintained as a class action, the complaint, or other pleading asserting a class action, shall include next to its caption, the legend "Class Action."

*Source: Model Local Rule 23.1.*

**Rule 16**  FEDERAL RULES OF CIVIL PROCEDURE  20

with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

(d) SUPPLEMENTAL PLEADINGS. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Dec. 9, 1991; Apr. 22, 1993, eff. Dec. 1, 1993.)

**Rule 16. Pretrial Conferences; Scheduling; Management**

(a) PRETRIAL CONFERENCES; OBJECTIVES. In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
- (1) expediting the disposition of the action;
- (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
- (3) discouraging wasteful pretrial activities;
- (4) improving the quality of the trial through more thorough preparation, and;
- (5) facilitating the settlement of the case.

(b) SCHEDULING AND PLANNING. Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
- (1) to join other parties and to amend the pleadings;
- (2) to file motions; and
- (3) to complete discovery.

The scheduling order also may include
- (4) modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;
- (5) the date or dates for conferences before trial, a final pretrial conference, and trial; and
- (6) any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

(c) SUBJECTS FOR CONSIDERATION AT PRETRIAL CONFERENCES. At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to

| 21 | FEDERAL RULES OF CIVIL PROCEDURE | Rule 16 |

    (1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;
    (2) the necessity or desirability of amendments to the pleadings;
    (3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence;
    (4) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence;
    (5) the appropriateness and timing of summary adjudication under Rule 56;
    (6) the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 29 through 37;
    (7) the identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial;
    (8) the advisability of referring matters to a magistrate judge or master;
    (9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule;
    (10) the form and substance of the pretrial order;
    (11) the disposition of pending motions;
    (12) the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;
    (13) an order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case;
    (14) an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c);
    (15) an order establishing a reasonable limit on the time allowed for presenting evidence; and
    (16) such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

At least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. If appropriate, the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute.

    (d) FINAL PRETRIAL CONFERENCE. Any final pretrial conference shall be held as close to the time of trial as reasonable under the circumstances. The participants at any such conference shall formulate a plan for trial, including a program for facilitating the admission of evidence. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.