The District Court Of The States Of Delaware

Clerk Office

United States District Court          July 13, 2007

844 N. King St. Lockbox 18

Wilmington, DE 19801

        Lorna Claycomb

C.A. No. 06-120 (JJF)      V. Playtex Product Inc.

         .

    I Lorna Claycomb, Please reopen the

Case for Lorna Claycomb V. Playtex Product Inc.

C.A. No. 06-120 (JJF).

       Lorna Claycomb

       Lorna Claycomb

       cc  July 16, 2007



FILED

JUL 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

      BD scanned

The District Court Of The States Of Delaware

Clerk Office

United States District Court           July 16, 2007

844 N. King St. Lockbox 18

Wilmington, DE 19801

Lorna Claycomb

C.A. No. 06-120 (JJF)        V. Playtex Product

**FILED**

JUL 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

    I Lorna Claycomb, on May 17, 2007 I wrote a letter to the District Court of the States of Delaware. That I will now needed a wheelchair. The weakness with my knee I can't be able walk for long, I limp too much and both of my legs shaein with tiredness, and I start of heavy breathing with asthma.

    On June 19, 2007 honorable Judge Farnan had been entered in favor Playtex Final Judgement Order against my claims and grandted.

    I was hurt started at Playtex. Then continue with losing my Mobile home, and all my things that were inside my home, and banned with my own residence address, that I am now in shelter.

    All this problem started at Playtex, then my Mobile home, and banned with my own residence address — I went to the hospital with all the same problem asthma, pain with my right chest and right back of my chest.

    My asthma, and pain of my chest and back of my right chest was causing of not getting back of
(at the back Please)

working. The last job was May 8, 2006 working at Friendly's Restaurant for one day only, 3 hrs. of working. The next day in the morning I could not get up with the pain of my right chest and back and asthma. Then I went to Doctor Lewandowski on the next day appointment. Dr. Lewandowski had given me a note, that not to work until I get evaluate with Doctors specialist.

    The Problem at Playtex, when I was started of complaining with my asthma, I was being ignored until I got worse, and got to the hospital, and on medical leave, and applying with a short-term disability. The same thing with the harass. I was ignored until I got suspended for not getting my job done. I have to write also a complain letter, and applying a grievance to Playtex. The harass started on March) 04, and continue until Dec. 23, 2005.

    It isn't fair that I have to suffer too much at Playtex. And I am now disabled, because of my asthma, and pain of my chest and back of my chest.

    It isn't fair that honorable Judge Farnan had entered in favor Playtex Final Judgement Order against my claims and granted. Honorable Judge Farnan please be consider a Final settlement for Lorna Claycomb a relieve and claims.

          Respectfully Yours,

          Lorna Claycomb   CC July 16, 2007

          Lorna Claycomb

| PLAYTEX PRODUCTS, INC. | | REFERENCE NO. |
|---|---|---|
| **GRIEVANCE FORM** | | |

| NAME Lorna Claycomb | DEPARTMENT S.G. | CLOCK NO. 05114 |
|---|---|---|

| JOB TITLE G.C. | | DATE OF GRIEVANCE March 11/04 |
|---|---|---|

State your grievance, listing the policy, procedure or practice involved. Include the what, where, how, who, and why of the grievance.
Please be as specific as possible.

Jame Hine, a temp. employee that has molested me, during the works has-end of his shift, At the pack G/C desk, while I was finishing papers works with several guys around me, and him behind me setting, leg on the table, relax. They were all laughing. He walk by, getting & start grabbing the skid ticket in front of me to release the skid. The next that he did I was at the #1 Tampo Mat. releasing skid. I was only by myself, while every body at the break room. He walk by & then he came back around me & walk in #1 T. machine, and did not say any word & I was nervous. In the breakroom, every body was leaving, Jame Hine's instead of following everybody to go out the breakroom, He walk by were I was setted on the table. All this time, I get scared & nervous, not comfortable with my work being around him. I have talk, complain to all my supervisor and I feel like, not being listen of my complain.

| EMPLOYEE'S SIGNATURE Lorna Claycomb | DATE 3-12-04 | Forward this grievance to your Supervisor, Department Superintendent, Department Manager, or Manager, Human Resources | DISTRIBUTION: White - Human Resources Canary - Employee Pink - Supervisor |
|---|---|---|---|

**FIRST STEP REPLY -**

| SUPERVISOR'S SIGNATURE | DATE | ☐ REPLY ACCEPTED ☐ REPLY APPEALED | EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|---|---|

**SECOND STEP REPLY -**

| SUPERVISOR'S SIGNATURE | DATE | ☐ REPLY ACCEPTED ☐ REPLY APPEALED | EMPLOYEE'S SIGNATURE | DATE |
|---|---|---|---|---|

**THIRD STEP REPLY -**

| MANAGER, HUMAN RESOURCES | DATE | PLANT MANAGER | DATE | DIVISION MANAGER | DATE |
|---|---|---|---|---|---|
| ☐ REPLY ACCEPTED | ☐ REPLY ACCEPTED | EMPLOYEE'S SIGNATURE | | | DATE |

FORM NO. 141 (5/95)

3-12-04

I have been asked by; Ted Robert, my Q.C. supervisor,
& Kim Burton to sign a paper of Violation report, at 4:00PM
10/March/04. Wayne Phillips, a 3rd shift supervisor in S.G. -
made a report Concerning of me, Violating, transgression my
work. I, (myself) know that the statement is not true. I did
not violate any job or commit of not doing the job in a
purpose. I have been Complaining a lot of time to all
supervisor the problem with another employee.

Jame Hines, a temp. employee is the cause of my
Complain. Having molested by Jame Hines or Sex Harrassment
stalk, & all others thing he did to me, is unacceptable. I
get nervous, scared & not comportable in my work. The
9th of March/04. At 11:45 PM, I was to start getting a -
sample & check at #5 T. in Forming. He, (Jame Hines) was -
assign in #5 T. I was in to start, when I saw him coming
out in the machine, Then I walk away. At 12:30, I told
Wayne the supervisor that I missed the sample & check
at #5 T. I told him in several time that night, and I tried
to call Chad twice, I did not get the answer, But Wayne,
He should help me to solve the problem, but I feel I was
being ignored. Supervisor should let their employee get
comportable to do the job & solve the problem when they need
it. I don't think I deserved it, with this 3 days Suspend.

                                      Lare Claylant . Q.C.

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Lorna Claycomb
1061 S. Little Creek Rd.,
Lot #15, Dover East
Dover, DE 19901

From:    Philadelphia District Office - 530
21 South 5th Street
Suite 400
Philadelphia, PA 19106

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2005-00187 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐    While reasonable efforts were made to locate you, we were not able to do so.

☐    You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**January 30, 2006**

Enclosure(s)

**Marie M. Tomasso,**
**District Director**

*(Date Mailed)*

cc:  PLAYTEX PRODUCTS, INC.
50 N. DUPUNT HWY
PO BOX 7016
DOVER, DE 19903

## STATE OF DELAWARE
## DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Lorna Claycomb                                          State Case #: 05010023M
1061 S. Little Creek Rd., Lot 15
Dover East
Dover, DE 19901
vs.
Playtex Products, Inc.
50 N. DuPont Hwy.
PO Box 7016
Dover, DE 19903-1516
Attn: Cindy F. Dickerson
Manager, Human Resources

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

The Charging Party alleges after she informed the Respondent about an injury she sustained to her shoulder, she was moved to a position as a Quality Control Inspector. Once in this alternate position, she began to complain to the Respondent that she could not perform its essential functions because of an adverse reaction to her asthma. In response to this, the Respondent informed her that there were no other positions available in her classification. Subsequently, the Charging Party elected furlough when offered. The Charging Party insists she was able to perform her duties as a Quality Control Inspector, but only on a very limited basis inspecting only one type of product. She further stated that once she complained about the adverse reaction to dust that was pervasive in her work area, the Respondent provided her with a dust mask as a mitigating device. The Charging Party states this accommodation was also insufficient. The Charging Party has the burden to prove by a preponderance of the evidence the Respondent denied her a reasonable accommodation for a known disability. Here, the Charging Party as well as the Respondent provided evidence the Respondent accommodated the Charging Party on two separate occasions, and then continued attempts to mitigate environmental factors affecting her impairment. As such, there is insufficient evidence indicating the Respondent failed to give the Charging Party an effective accommodation for her various impairments.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit.

9|30|05
_____                                          _____
Date issued                                              Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12NC : 10/04

Lorna Claycomb
1061 S. Little Creek Rd
Lot 15 Dover East
Dover, DE 19901

CERTIFIED MAIL

7906 2760 0003 9568 4573

U.S. POSTAGE
$7.30

The District Court Of The States Of Delaware
Clerk Office
United State District Court
844 N. King St. Lockbox 18
Wilmington, DE 19801

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LORNA CLAYCOMB, | ) | 06-120 (JJF) |
| | ) | |
| Plaintiff Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 273, 2006 |
| | ) | |
| PLAYTEX PRODUCTS, INC., | ) | |
| | ) | |
| Defendant Below, | ) | |
| Appellee. | ) | |

FILED

JUL 16 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## APPENDIX TO APPELLEE'S ANSWERING BRIEF

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Appellee
Playtex Products, Inc.

September 28, 2006

# TABLE OF CONTENTS

| DESCRIPTION | PAGE(S) |
|---|---|
| | |
| *Superior Court Docket Items* | |
| Complaint, dated December 23, 2005 | B1-B11 |
| Order Granting Defendant Playtex's Motion to Dismiss, dated April 7, 2006 | B12 |
| Order Denying Plaintiff's Motion for Reconsideration, dated May 24, 2006 | B13 |
| | |
| *Supreme Court Docket Items* | |
| Notice of Appeal, dated June 2, 2006 | B14-18 |
| Plaintiff's Opening Brief, dated July 6, 2006 | B19-B20 |
| Defendant Playtex's Motion to Affirm, dated July 14, 2006 | B21-B23 |
| Order Denying Defendant Playtex's Motion to Affirm, dated September 26, 2006 | B24 |
| | |
| *District Court Docket Items* | |
| Complaint, dated February 24, 2006 | B25-B29 |

# B1 – B11

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

LORNA CLAYCOMB,                )    C.A. No. _05C-12-035 (RBY)_
                               )
            Plaintiff,         )    ARBITRATION CASE
                               )
      v.                       )    TRIAL BY JURY OF
                               )    TWELVE DEMANDED
PLAYTEX PRODUCTS, INC.,        )
                               )
            Defendant.         )

### COMPLAINT

### JURY DEMAND

Plaintiff hereby demands trial by jury of twelve on all issues herein.

### STATEMENT OF CLAIM

This is a civil action brought by Lorna Claycomb (hereinafter "Claycomb" or "Plaintiff") against her former employer, Playtex Products, Incorporated (hereinafter "Playtex", "Company", "Employer" or "Defendant"). Plaintiff was employed by Defendant for several years. Defendant randomly and without cause transferred Plaintiff from departments where she was capable of successfully and satisfactorily performing her job duties to positions where she was not able to perform her job duties given her particular handicap. Further, Defendant terminated Plaintiff's employment when she could not perform a job that she was not capable of performing given her physical limitations resulting from injury sustained while working at Defendant's Dover, Delaware manufacturing plant. Defendant failed to provide reasonable accommodations. Defendant's actions violated the Americans with Disabilities Act and the Delaware Handicapped Persons Employment Protections Act, as more fully set forth below.

## JURISDICTION

Jurisdiction lies in this Court under Title 19 Del.C. § 715, and this Court further may lawfully exercise jurisdiction over Plaintiff's American's with Disabilities Act claims as such claims are part of the same case or controversy that form the basis for the action arising under state law.

## ADMINISTRATIVE PREREQUISITES

Plaintiff has complied with all prerequisites to filing an action under Title 19 Del.C. § 720 et seq., and her Right to Sue Notice is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

1.  Plaintiff, Lorna Claycomb is a resident of Dover, Delaware. She began working at Playtex in Dover on October 20, 2000.

2.  Defendant, Playtex Products, Inc. is a Delaware Corporation, and an "Employer" within the definition of the Delaware Handicapped Persons Employment Protections Act, 19 Del.C. § 722(2).

3.  Plaintiff started working as a pack machine operator in the Silk Glide department.

4.  In March of 2003, Plaintiff was transferred to the Cottons department. There was no good cause for the transfer. There, she worked as an inspector.

5.  In that department, cotton is taken from being a raw, loose, dusty material, similar to blown insulation, and it is molded into sheets. It is then rolled and cut into slices.

6.  Each slice is checked for weight, dirt, moisture content and the like.

**B2**

7.  When the cotton rolls are handled, dust from the cotton rolls is released into the air.

8.  Workers use an air gun to clean the work area of cotton dust. The air gun would be used to clean the machines, walls, tables, clothes, and the like.

9.  Plaintiff worked in Cottons until March 18, 2003. At that time, she suffered a severe asthma attack. She visited the Bayhealth Medical Center Walk-In Clinic on South State Street in Dover at the direction of a Health Control nurse employed at Playtex, where she was treated by a Doctor Green. Plaintiff was also treated by a physician at Kent General Hospital Emergency Room, and followed up with Drs. Lewandowski and Jawahar.

10. Plaintiff returned to work on May 9, 2003. At that time, she did not go back into the Cottons department. Before that date, Plaintiff went to Human Resources and asked to be reassigned to another department. She spoke to Gina Sullivan, the person who hired Claycomb.

11. Sullivan told Claycomb to bid on another job. Claycomb in fact did bid on another machine operator job and got it. That position was that of pack machine operator in the Silk Glide Department.

12. Claycomb turned that job down because it would have required her to lift boxes of tampons and load them into the machine. After Plaintiff's initial asthma attack, lifting heavy objects or engaging in strenuous activity causes the Plaintiff to suffer from severe chest pain and trigger asthma attacks.

13. When Claycomb turned the pack machine operator job down, Gina Sullivan told her that there was an opening for quality control inspector, third shift, in

**B3**

Silk Glide. Claycomb bid on that job and got it. She started working on May 9, 2003. When Claycomb showed up for third shift that day, the supervisor, Wayne Phillips, told her she needed to be trained. He told her to come back for the first shift. She was trained for one month, first shift, and then worked third shift.

14. From May 2003 to March 2004, Plaintiff worked as a quality control inspector in Silk Glide, third shift. During that time, she worked without incident as the position did not encompass functions that she was unable to perform as a result of her incapacity.

15. In March 2004, Plaintiff suffered on-the-job harassment by James Hines, a coworker, and she filed a formal written grievance with Defendant Company.

16. The company moved Hines from Silk Glide to Gentle Glide Department, but did not change his shift from third shift to first or second.

17. In April, 2004 Claycomb was transferred out of Silk Glide into the Gentle Glide Department, second shift. This was a temporary placement, as she was being retrained to perform the job of quality control inspector but in a different department. It is a different type of inspection as the tampons are differently made and packaged. There was no reason to move Claycomb out of the one department where she was able to perform her job functions, and into the other.

18. At the end of May, 2004, a group leader in Quality Control named Dianne told Lorna to go home early after a meeting. Second shift started at 3 PM and at that time everyone in the forming department went into a meeting. Lorna's

**B4**

group leader was not present at that meeting. That Quality Control group

leader told Lorna that she no longer had a position. Lorna was surprised

because she had not done anything wrong. Lorna went home and called Linda

Miller in the main office. Lorna asked if she was in fact fired. Linda said that

Lorna was not supposed to be at home because her absence would be counted

as an "occurrence", and if there are too many occurrences an employee will be

fired. Lorna went back to work the next day. She was placed in third shift, in

the Silk Glide Department, doing Quality Control. Her new group leader was

Chad Russ.

19. At the end of August, the company changed shifts in the Silk Glide

Department from three shifts to only two. In September 2004, Plaintiff was

transferred to the infants department, where the company made plastic baby

bottles. Lorna was not performing Quality Control. Rather, she was paid at

"grade 3" and employed counting bottles. This was a lower grade than a

machine operator, which is grade 8, or Quality Control, which is grade 6.

20. On January 3, 2005, Claycomb was again transferred, this time to the Toddler

Department. She did not work a complete shift that day. Claycomb

approached Kim Thornton and told her that she could not perform her job

requirements, which involved heavy lifting.

21. Thornton called a meeting with the Toddler Department supervisor, named

Liz (last name unknown). Thornton told Liz that Lorna could not do the job

because it entailed checking the quality of the rubber used to make pacifiers,

which involved pulling on the rubber to stretch it out to see if it contained air

bubbles. That required pulling on a lever, which was comparable to pulling on or lifting a heavy barbell.

22. Doing so made Lorna's chest hurt and she felt as though she would have an asthma attack. Lorna saw Dr. Green at Kent General Walk-In Clinic on South State Street in Dover, Delaware at approximately 10:00 AM that day, January 3, 2005.

23. According to Larry Graff in the Health Control Department, pulling the barbell or lever was akin to lifting twelve pounds.

24. When Lorna returned to work after that appointment, she was notified by Donna Griffith that she was laid off.

25. Claycomb has never been asked to return to work.

26. At the time of her termination from employment, Claycomb made nine dollars and ninety cents per hour and worked full time, forty hours per week. She received benefits including a 401-K and health and dental insurance through Aetna and/or Blue Cross Blue Shield of Delaware.

## COUNT I. VIOLATION OF DELAWARE'S HANDICAPPED PERSONS EMPLOYMENT PROTECTIONS ACT

27. Plaintiff restates and incorporates the foregoing allegations and further states as follows:

28. Defendant violated Delaware's Handicapped Persons Employment Protections Act by failing to investigate whether there were reasonable accommodations that could be made and by failing to make reasonable accommodations as required by 19 Del.C. § 723(b) and 722(6).

**B6**

29. Defendant violated Delaware's Handicapped Persons Employment Protections

Act by failing to promote a qualified handicapped person who sought

employment opportunities in good faith under 19 Del.C. § 724(a)(1), and by

discharging such person unlawfully under 19 Del.C. § 724(a)(2) and (5).

## COUNT II. AMERICANS WITH DISABILITIES ACT

30. Plaintiff restates and incorporates the foregoing allegations and further states

as follows:

31. Such unlawful discrimination constituted unlawful action under the

Americans with Disabilities Act.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief:

(a)    Order the defendant to cease and desist or modify its existing

employment policies;

(b)    Order the defendant to hire, reinstate or promote the charging

party;

(c)    Enter judgment in favor of Plaintiff and against Defendant for

compensatory damages, including but not limited to general and

special damages to be proved at trial, and punitive damages;

and

(d)    Enter judgment in favor of Plaintiff and against Defendant for

the costs of litigation and reasonable attorney's fees, and

(e)    Grant such other relief as is reasonable and necessary to

ameliorate the effects of Defendant's unlawful and

discriminatory conduct.

**B7**

SCHWARTZ & SCHWARTZ

By:_____

BENJAMIN A. SCHWARTZ
Delaware Bar ID No. 4145
1140 South State Street
Dover, Delaware 19901
(302) 678-8700
*mail@BenSchwartz.com*
Attorney for the Plaintiff

Dated: December 20, 2005

**B8**

EXHIBIT A

 

### STATE OF DELAWARE
### DEPARTMENT OF LABOR
#### DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT

Ms. Lorna Claycomb                                                      State Case #: 05010023M
1061 S. Little Creek Rd., Lot 15
Dover East
Dover, DE 19901
vs.
Playtex Products, Inc.
50 N. DuPont Hwy.
PO Box 7016
Dover, DE 19903-1516
Attn: Cindy F. Dickerson
Manager, Human Resources

#### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, et seq., the parties in the above-captioned matter are hereby Noticed of the
Department's Final Determination and Right to Sue Notice, as follows:

**No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.**

In this case, the Department has completed its investigation and found that there is no reasonable cause
to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause
Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

The Charging Party alleges after she informed the Respondent about an injury she sustained to her
shoulder, she was moved to a position as a Quality Control Inspector. Once in this alternate position, she began
to complain to the Respondent that she could not perform its essential functions because of an adverse reaction
to her asthma. In response to this, the Respondent informed her that there were no other positions available in
her classification. Subsequently, the Charging Party elected furlough when offered. The Charging Party insists
she was able to perform her duties as a Quality Control Inspector, but only on a very limited basis inspecting
only one type of product. She further stated that once she complained about the adverse reaction to dust that was
pervasive in her work area, the Respondent provided her with a dust mask as a mitigating device. The Charging
Party states this accommodation was also insufficient. The Charging Party has the burden to prove by a
preponderance of the evidence the Respondent denied her a reasonable accommodation for a known disability.
Here, the Charging Party as well as the Respondent provided evidence the Respondent accommodated the
Charging Party on two separate occasions, and then continued attempts to mitigate environmental factors
affecting her impairment. As such, there is insufficient evidence indicating the Respondent failed to give the
Charging Party an effective accommodation for her various impairments.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial
Affairs, Discrimination Unit.

9/30/05
_____                          _____
Date issued                                 Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

**B10**

Form C-12NC : 10/04

STATE OF DELAWARE       *

                              *      SS:

COUNTY OF KENT          *

      BE IT REMEMBERED that on this 20th day of December, 2005, personally appeared before me, LORNA CLAYCOMB, Plaintiff in the foregoing civil action, who being by me duly sworn, did depose and say that the facts set forth in the foregoing Complaint are true and correct.

                                     _Lorna Claycomb_

                                     LORNA CLAYCOMB

      SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

                                     NOTARY PUBLIC

Benjamin A Schwartz
Notary Public
State of Delaware
My Commission Expires Sept. 18, 2007

**B11**

**B12**

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

LORNA CLAYCOMB,                          )
                                         )
        Plaintiff,                )
                                         )
      v.                                )     C.A. No. 05C-12-035 (RBY)
                                         )
PLAYTEX PRODUCTS, INC.,                  )
                                         )
        Defendant.                )

## ORDER

    IT IS ORDERED this _7th_ day of _April_ , 2006, pursuant to 19 Del. C.

§ 714, that Playtex Products, Inc.'s motion to dismiss is hereby granted and this case is

hereby dismissed with prejudice.

_____
J.

PROTHONOTARY
KENT COUNTY
06 APR -7 PM 2:28
FILED
RECEIVED AND

No. Claycomb
Ma Cincilla

**B12**

9
/TH

**B13**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

LORNA CLAYCOMB,                     :
                                    :
                   Plaintiff,       :       C.A. No: 05C-12-035
                                    :
        v.                          :
                                    :
PLAYTEX PRODUCTS, INC.,             :
                                    :
                   Defendant.       :

## **O R D E R**

IT IS ORDERED this 24th day of May, 2006, pursuant to 19 *Del. C.* §714(c), that Plaintiff's Motion for Reconsideration is DENIED.

_____
                            J.

**B13**

# B14 – B18

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

[1] _Lorna Claycomb_ .

   [2] _Plaintiff_ Below,
Appellant,

   v.

[3] _Playtex Products_ .

   [4] _Defendant_ Below,
Appellee.

No. [5]_____ , 200__

DELAWARE SUPREME COURT
FILED
2006 JUN -2 P 4: 12
CLERK
DOVER

## NOTICE OF APPEAL

To: [6] _Jason Cincilla Esq_ _____ .
     _Morris Nichols Arsht + Tunnell_

PLEASE TAKE NOTICE that [1] _Lorna Claycomb_ ,

[2] _Playtex_ _____ below-appellant, does hereby appeal to the

Supreme Court of the State of Delaware from the [7]_____ of the

[8] _Superior Court_ , in and for [9] _Kent_ County, by

[10] _Judge Young_ , dated [11] _5-24-06_ ,

in [12] _05C-12-035_ in that court. A copy of the decision sought to be

reviewed is attached hereto. [13]

Form revised 2/26/04
g:\public\forms\notice of appeal

The   name   and   address   of   the   attorney   below   for   appellee   is

[6]_Jason Cincilla_____. The party against whom the appeal

is taken is [3]_Playtex_____.

The name and address of the attorney below for the party against whom the

appeal is not taken is [14]_____. The party against whom

the appeal is not taken is [15]_____.

PLEASE TAKE FURTHER NOTICE that appellant hereby designates the

transcript in accordance with Rules 7(c)(6) and 9(e)(ii) in the following manner:

[16]_____n/a_____

[or]    [17]_____

Dated: _June 2, 2006_____        _Lorna ClayComb_____
                                   _1061 S. Little Creek Rd. Lotis_
                                   _Dover East Dover, DE 19901_
                                   **Name and Address of Appellant**


[18]_____

Attorney for [1]_____

[2]_____ Below-Appellant

I'm Letty Moultrie I know Lorna Claycomb seen 1994 I live in Dover De. seen 1974 I'm retired in Playtex.

Letty Moultrie
3-8-06

I, Liberata I Pitt have known Lorna Claycomb Since 1987.

Liberata J. Pitts
3-9-06

I Connie Barbetta have known LORNA CLAYcomb Since 1989 ALSO I KNOWN her at PlAyTEX SINCE 2000 And she is a good PERSON. NOW I AM AlREAdy RETIRed FROM PlAyTEX Since two Years AGO - 2003

Connie Barbetta

**B18**

26672          PVT LINE 1

08.45.44 a.m.     07-07-2006     1/2

EFiled: Jul 7 2006 10:58AM
Filing ID 11724512
Case Number 273,2006



The Supreme Court Of Delaware

The Supreme Court
Clerks Of The Supreme Court          July 6, 2006
P.O. Box 476 Dover, DE 19901

Lorna Claycomb V.
Playtex   No. 273,2006

Opening Brief:

   To whom it may concern: On June 2, 2006
I was here to appeal. The Superior Court of Delaware,
Judge had denied the case with Lorna Claycomb V.
Playtex. The right to suit from Dept. of Labor of Delaware.
For the Equal Employment Opportunity and the harass
at Playtex. I have retained an attorney for this case.
Attorney, Ben Schwart, who withdraw with my case,
for what he said, "He was not the right person to handle
the case". I have paid him $3,500.00. He have done
the case to Philadelphia for mediation, agreement
for settlement with Playtex. Playtex wanted only
to $1,000 for settlement, not even a job to offer. $1,000
was not even enough to recover my expenses with in-
cluded the gas, Doctors appointment, medicine for my
asthma. I was employed at Playtex on Oct. 2000, I
was a Machine Operator. On March 2003, my job have
change, and working as inspector with a rolled cottons
that have done by a Machine. I have inhaled too much
cottons. I got into a medical leave, absent for almost two
months. (at the back please)

B19

My asthma got realy bad. On May 2003, after the
medical leave, I can't get back to my normal
lifting. My job have change to a Quality Control
and into a lower grade. On March 2004, I have
suffered with the harass, and continue to Dec. 2004.
At Playtex none of them to stop the issue. Jan. 3, 2005,
I got laid off by Donna Griffit, the Director of the Human
Resources.

   At the Superior Court of Delaware, I have mailed
a (certified) letter with include the copy of a medical
record from my family Doctor, and a Pulmonary
Doctor, and a copy of a graevance at Playtex for the
harass. At the District Court of Delaware, I have also a
case for the desability, and its also Playtex.

   My asthma its never going to get back to a normal
like it used to be. I have also a pain at my right chest
that its continue to ache just after lifting. I have also
a Doctor appointment in this month of July 27, 2006. I
have suffered too much with my asthma, pain at my right
chest, having no job, suffering without any income to pay
my bills, money, and to relieves such pain, and to go
back with my normal life just like when I started to
work at Playtex on the year 2000. The Superior Court of Delaware
Judge should have not denying this case. Thank you very
much.

                              Very truly yours,
                              Lorina ClayComb
                              Lorina ClayComb

EFiled: Jul 14 2006 2:56PM
Filing ID 11799747
Case Number **273,2006**

IN THE SUPREME COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| LORNA CLAYCOMB, | ) | |
| | ) | |
| Plaintiff Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 273, 2006 |
| | ) | |
| PLAYTEX PRODUCTS, INC., | ) | |
| | ) | |
| Defendant Below, | ) | |
| Appellee, | ) | |

## MOTION TO AFFIRM

Appellee Playtex Products, Inc. ("Playtex") hereby moves the Court pursuant to Rule 25(a) to affirm the judgment below on the grounds that it is manifest on the face of appellant Lorna Claycomb's brief that the appeal is without merit for the following reasons:

1.    The Superior Court's dismissal of Ms. Claycomb's state court action in favor of her mirror-image federal court action was made pursuant to settled, statutory law – specifically, the election of remedies provision contained in 19 Del. C. § 714(c)[1] – and

---

[1]    Section 714(c) of Title 19 of the Delaware Code provides, in pertinent part:

> The charging party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this election of remedies from filing cases in both the Superior Court and the federal forum. If the charging party files in Superior Court and in a federal forum, the respondent may file an application to dismiss the Superior Court action under this election of remedies provision. (emphasis added).

**B21**

Ms. Claycomb's opening brief is devoid of argument raising any valid issue with respect to the mandatory nature of that law or the Superior Court's decision in reliance on it.

Dated: July 14, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Appellee
Playtex Products, Inc.

2

**B22**

EFiled: Jul 14 2006 2:56PM
Filing ID 11799747
Case Number **273,2006**

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, hereby certify that on the 14th day of July, 2006, copies of the

attached **MOTION TO AFFIRM** were served as follows:

Via First-Class Mail

Lorna Claycomb
1061 S. Little Creek Road, Lot 15
Dover, Delaware 19901

Jason A. Cincilla (#4232)

528885v1

**B23**

# B24

IN THE SUPREME COURT OF THE STATE OF DELAWARE

LORNA CLAYCOMB,                    §
                                   §        No. 273, 2006
        Plaintiff Below,           §
        Appellant,                 §
                                   §
    v.                             §
                                   §
PLAYTEX PRODUCTS, INC.,            §
                                   §
        Defendant Below,           §
        Appellee.                  §

## O R D E R

This 26th day of September 2006, the Court has considered the appellee's motion to affirm. It does not appear to be manifest on the face of the appellant's opening brief that the appeal is without merit under the criteria set forth in Supreme Court Rule 25(a).

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is DENIED.

BY THE COURT:

/s/Henry duPont Ridgely
Justice

**B24**

# B25 – B29

03/24/06  FRI 14:09 FAX 302 678 6368          PLAYTEX                          ☑004

ORIGINAL

(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Lorna C Claycomb

_(Name of Plaintiff or Plaintiffs)_

v.                                          CIVIL ACTION No. ___0 6 - 1 2 0___

Playtex

_(Name of Defendant or Defendants)_

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1.      This action is brought pursuant to _Title VII of the Civil Rights Act of 1964, as amended,_ for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.      Plaintiff resides at __1061 S. Little Creek Rd Lot 15__
                                   _(Street Address)_
__Dover__, __Kent__ __DE__ __19901__
_(City)_   _(County)_   _(State)_   _(Zip Code)_
__302-730-3898__
_(Area Code) (Phone Number)_

3.      Defendant resides at, or its business is located at __Saulsbury Rd.__
                                                              _(Street Address)_
__Dover__, __Kent__ __DE__ __19901__
_(City)_   _(County)_   _(State)_   _(Zip Code)_

4.      The discriminatory conduct occurred in connection with plaintiff's employment at, or application to
be employed at, defendant's __Playtex__ _____ place of business
                              _(Defendant's Name)_
located at __Saulsbury Rd.__
            _(Street Address)_
__Dover__, __Kent__ __DE__ __19901__
_(City)_   _(County)_   _(State)_   _(Zip Code)_

**B25**

5.    The alleged discriminatory acts occurred on ___18___ , __March__ , __2003__ .
                                                                 (Day)       (Month)      (Year)

6.    The alleged discriminatory practice    ○ is    ⊘ is not continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware,
     __GEOC__    __Philadelphia District office 530 21 S. 54th St. Suite 400__
     (Agency)      (Street Address)       (City)
              __Philadelphia PA__    __19106__                , regarding
     (County)       (State)      (Zip Code)
     defendant's alleged discriminatory conduct on ___3___ , __Jan.__ , __2005__ .
                                                            (Day)       (Month)      (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity Commission of the United States
     regarding defendant's alleged discriminatory conduct on: ___19___ , __Jan.__ , __2005__ .
                                                           (Day)      (Month)     (Year)

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter
     which was received by plaintiff on: ___30___ , __Jan.__ , __2006__ .
                                            (Day)      (Month)     (Year)

### *(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.    The alleged discriminatory acts, in this suit, concern:

     A.    ⊘ Failure to employ plaintiff.

     B.    ⊛ Termination of plaintiff's employment.

     C.    ○ Failure to promote plaintiff.

     D.    ○ Other acts (please specify below)

On March 18, 2003 My asthma reacted by inhaling cottons, (too much cottons) at playtex. my job as inspector of Cotton, model with a big machine Cut in 12 pcs. I got into a walk in Clinic, to a hospital and been with a Specialist Doctors and Family Doctor. Absent for 2 months for a Medical leave. Jan 3, 2005, I got laid off for the same reason Asthma.

11. Defendant's conduct is discriminatory with respect to the following:

    A.   **O**  Plaintiff's race

    B.   **O**  Plaintiff's color

    C.   **O**  Plaintiff's sex

    D.   **O**  Plaintiff's religion

    E.   **O**  Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, Plaintiff prays as follows: (Check appropriate letter(s))

    A.   **O**  That all fees, cost or security attendant to this litigation be hereby waived.

    B.   **●**  That the Court appoint legal counsel.

    C.   **●**  That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   _Feb. 24, 2006_

_Lana C. Claybamb_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

**B27**

EEOC Form 161 (3/98)
( Sent, Feb 6/06 )

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Lorna Claycomb | From: Philadelphia District Office - 530 |
|---|---|
| 1061 S. Little Creek Rd., | 21 South 5th Street |
| Lot #15, Dover East | Suite 400 |
| Dover, DE 19901 | Philadelphia, PA 19106 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Charles Brown, III, | |
| 17C-2005-00187 | State & Local Coordinator | (215) 440-2842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission
M. Tomasso

January 30, 2006

Enclosure(s)

Marie M. Tomasso,
District Director

(Date Mailed)

cc: PLAYTEX PRODUCTS, INC.
50 N. DUPUNT HWY
PO BOX 7016
DOVER, DE 19903

**B28**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

Lorna C Claycomb

V.

Playtex

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: $06 - 120$ JJF

TO: (Name and address of Defendant)

Playtex
P.O. Box 7016
Dover, Delaware 19903

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lorna Claycomb
1061 S. Little Creek Rd.
Lot 15 Dover East Dover, DE
19901

an answer to the complaint which is served on you with this summons, within _____ $20$ _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO ·

CLERK

(By) DEPUTY CLERK

_____ 3|21|06 _____
DATE

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, hereby certify that on the 28th day of September, 2006,

copies of the attached the **APPENDIX TO APPELLEE'S ANSWERING**

**BRIEF** were served as follows:

<u>Via First-Class Mail</u>

Lorna Claycomb
1061 S. Little Creek Road, Lot 15
Dover, Delaware 19901

Jason A. Cincilla (#4232)

538990v1