# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jason A. Cincilla
302 351 9494
302 498 6230 Fax
jcincilla@mnat.com

July 25, 2007

**BY ELECTRONIC FILING and HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
Chief Judge
United States District Court
Lock Box 27
844 King Street
Wilmington, DE 19801

        Re:    Claycomb v. Playtex Products, Inc., C.A. No. 06-120 (JJF)

Dear Judge Farnan:

        I write on behalf of my client, defendant Playtex Products, Inc. ("Playtex") in response to plaintiff Lorna Claycomb's July 16, 2007 request to "reopen the case." In her request, plaintiff repeats several points that she has made in previous correspondence with the Court and requests that the Court reopen this case and enter judgment in her favor because the Court's judgment in favor of Playtex "isn't fair." Playtex respectfully submits that plaintiff's request is not appropriate or timely under the Federal Rules of Civil Procedure and the Local District Court Civil Rules. To the extent the Court gives plaintiff the greatest benefit of the doubt and treats her request as either a motion for relief from judgment under Rule 60(b) or a motion for reargument under Local Rule 7.1.5, Playtex respectfully submits that plaintiff has failed to make a proper showing under either of those rules.[1] Accordingly, Playtex respectfully requests that the Court deny plaintiff's request.

---

    [1] To prevail under Rule 60(b), plaintiff would have to show: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation, or other misconduct by Playtex, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, or (6) any other reason justifying relief from the operation of the judgment; to prevail under Local Rule 7.1.5, plaintiff would have to show: (1) the Court has patently misunderstood her, (2) the Court has made an error not of reasoning, but of apprehension, or (3) the Court has made a decision outside the scope of the issues presented to the Court. Plaintiff has made no such showing.

The Honorable Joseph J. Farnan, Jr.
July 25, 2007
Page 2

                                                Respectfully submitted,

                                                Jason A. Cincilla (#4232)

cc:    Clerk of the Court (via e-filing)
        Lorna Claycomb (via first-class mail)

739217.2