IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LORNA CLAYCOMB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-120-JJF |
| | : | |
| PLAYTEX PRODUCTS, INC., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION & ORDER

Plaintiff in the above-captioned action filed a Motion To Reopen The Case (D.I. 44), which the Court construed as a Motion For Reconsideration. By Order (D.I. 46) dated July 31, 2007, the Court denied the Motion. On September 10, 2007[1], Plaintiff filed a Notice of Appeal (D.I. 47) of the Court's Order.

Plaintiff's appeal was untimely under Federal Rule of Appellate Procedure 4(a)(1), which requires an appeal to be filed within 30 days after the judgment or order appealed from is entered. Plaintiff also did not timely request an extension of time as provided in Federal Rule of Appellate Procedure 4(a)(5).

However, the Third Circuit remanded this matter to the Court for consideration of an extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(6), which pertains to the

---

[1] Plaintiff's Notice of Appeal was a letter which referenced her desire to appeal. The Court construed this letter as a Notice of Appeal. The letter was dated September 10, 2007, but was incorrectly docketed to reflect the date of September 14, 2007. The difference in date does not affect the Court's analysis, and the date Plaintiff wrote on the letter is the operative date for the Court's analysis.

reopening of the time for filing an appeal. In pertinent part, Rule 4(a)(6) provides:

> (6) Reopening the Time to File An Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, <u>but only if all the following conditions are satisfied</u>:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered <u>or</u> within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, <u>whichever is earlier</u>, and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

In <u>Poole v. Family Court of New Castle County</u>, 368 F.3d 263, 268 (3d Cir. 2004), the Third Circuit held that Rule 4(a)(6) "requires a motion to reopen." In so holding, the Third Circuit recognizing that "[w]hile 'no particular form of words is necessary to render a filing a 'motion,'" . . . a simple notice of appeal does not suffice." <u>Id.</u> (citations omitted).

In this case, Plaintiff filed a letter Notice of Appeal of the Court's Order on September 10, 2007. This Notice of Appeal references the Court's July 31, 2007 Order denying her Motion To Reopen The Case, which was construed as a Motion For Reconsideration. Thus, Plaintiff had notice at least by

2

September 10, 2007 of the Court's July 31, 2007 Order.  Under <u>Poole</u>, the Court cannot construe Plaintiff's letter Notice of Appeal as a Motion To Reopen The Appeal Time under Rule 4(a)(6), and Plaintiff never filed any document with the Court that can be construed as a Motion To Reopen The Appeal Time.  Plaintiff filed a "supplemental notice of appeal," but that does not mention reopening the time for appeal.  Rather, the supplemental notice appears to be Plaintiff's attempt to complete the form required for a Notice of Appeal.  In other words, even though the Court construed her letter as a Notice of Appeal, Plaintiff still tried to complete the proper form for filing.

In remanding this matter, the Third Circuit directs the Court to Plaintiff's "jurisdictional response," which is a letter dated November 21, 2007 filed by Plaintiff in the Third Circuit.  In the Court's view, however, this letter cannot be construed as a Motion To Reopen the time for appeal for two reasons.  First, it contains no statement that can be reasonably construed as a request for additional time to appeal.  In fact, the letter reiterates that Plaintiff has already filed a Notice of Appeal and makes no reference to any extension of time needed.  Second, Plaintiff's letter is dated November 21, 2007.  As indicated above, Plaintiff had notice of the Court's Order at least by September 10, 2007, and therefore, under Rule 4(a)(6), any motion to reopen was required to be filed within 7 days of her receipt

3

of notice of the Court's Order.[2] Further, and in any event, any request to reopen the appeal time filed by Plaintiff must have been made, at the outer-limits, within 180 days after the judgment was entered.[3] No such request was made by Plaintiff in this case.[4]

As the Supreme Court recently recognized in Bowles v. Russell, the time frames set forth in Rule 4(a)(6) are jurisdictional and cannot be extended. 127 S. Ct. 2360, 2366 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the "unique

---

[2]  See e.g. Glover v. Herbert, 2007 WL 570184 (W.D.N.Y. Jan. 25, 2007) (denying motion to reopen under Rule 4(a)(6) that was filed more than 7 days after receiving notice of the Court's judgment).

[3]  See e.g. Clark v. Lavallie, 204 F.3d 1038, 1040 (3d Cir. 2000) (recognizing that the time limits of Rule 4(a)(6) are not subject to equitable tolling).

[4]  Moreover, the Court notes that none of the documents filed by Plaintiff show that she did not receive notice of the Court's Order within 21 days of its entry on July 31, 2007. In making this observation, the Court is mindful that the docket reflects a problem with Plaintiff's mailing address which resulted in the return of undeliverable mail. However, this problem did not arise until June 2008, and the Court's Order was mailed in July 2007. Thus, any of the recent problems regarding Plaintiff's mailing address are irrelevant to the question of whether Plaintiff had notice of the July 31, 2007 Order. Further, Plaintiff's September 10 letter Notice of Appeal originates from the same address to which the July 31, 2007 Order was mailed and is proof that Plaintiff did receive the July 31, 2007 Order at that address.

4

circumstances" doctrine is illegitimate.") In <u>Bowles</u>, the Supreme Court discussed Rule 4(a)(6) and concluded that the district court could not enlarge the time to appeal from 14 days to 17 days. <u>Id.</u> (concluding that the time frame to reopen the appeal could not be extended, even though the petitioner relied on the date selected by the district court and filed within the 17 days ordered by the court, but after the 14 days proscribed by Rule 4(a)(6)). In reaching this conclusion, the Court reiterated the "jurisdictional significance" of time frames set forth in a statute and further noted that a majority of courts has concluded that the 180 day time period set forth in Rule 4(a)(6) is also jurisdictional. Indeed, the Third Circuit has referred to <u>Bowles</u> in dicta as a determination by the Supreme Court that "the time for filing a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) was jurisdictional and therefore not subject to waiver or judicial modification." <u>DL Resources, Inc. v. FirstEnergy Solutions, Corp.</u>, 506 F.3d 209, 214 n.3 (2007). Moreover, the Third Circuit has considered the time frames for filing under Rule 4(a)(6) as "mandatory and jurisdictional" even before the Supreme Court rendered its decision in <u>Bowles</u>. <u>See Marcangelo v. Boardwalk Regency</u>, 47 F.3d 88, 91 (3d Cir. 1995). (holding that "the time limits provided by Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 are mandatory and jurisdictional, and the courts are required to dismiss untimely appeals <u>sua</u>

sponte.").

In sum, the Court concludes that Plaintiff cannot satisfy the criteria for reopening the time to appeal under Rule 4(a)(6). Accordingly, the Court concludes that Plaintiff is not entitled to an extension of time to appeal under Rule 4(a)(6).

IT IS SO ORDERED.

June 27, 2008

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT COURT

6